**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | : | |
|---|---|---|
| DELPHIS M. BILODEAU | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:10-CV-1910(JCH) |
| | : | |
| DR. PILLAI, ET AL. | : | AUGUST 22, 2011 |
| | : | |
| | : | |

**RULING AND ORDER**

**I.     INTRODUCTION**

The plaintiff, Delphis M. Bilodeau ("Bilodeau"), is currently incarcerated at the Osborn Correctional Institution ("Osborn"), in Somers, Connecticut. He has filed an amended complaint pro se pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), the court may dismiss any portion of the complaint that "is frivolous or malicious," that "fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of

action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

## II. FACTS[1]

The Complaint filed by Bilodeau named Nurse Jane Doe, Dr. John Doe and Dr. Pilliar as defendants. On February 10, 2011, the court dismissed the claims against Dr. Pilliar and Dr. John Doe and permitted Bilodeau sixty days to file an amended complaint to identify the Jane Doe defendant and to allege facts to demonstrate the involvement of Dr. Pilliar in the claimed deliberate indifference to his ankle injury. On April 1, 2011, Bilodeau filed an Amended Complaint naming Department of Correction Commissioner Leo Anone, Warden Carole Chapdelaine, Warden Peter Murphy, Administrator of Inmate Health Care Gloria Jones, Nurse Elisabeth Drouin, and Drs. Omprakash Pillai, Maurer, and Blanchette as defendants.

Bilodeau alleges that on May 3, 2010, he sustained an injury to his right ankle playing basketball at MacDougall Correctional Institution ("MacDougall"). Physicians at the University of Connecticut Health Center ("UCONN") evaluated and treated him for a dislocated ankle and tendon and ligament damage. An orthopedist put Bilodeau's ankle in a fiberglass cast with instructions that the cast be removed in two weeks and that Bilodeau's ankle be re-evaluated at that time.

---

[1] The alleged facts set forth are taken from the Complaint and Amended Complaint.

On May 18, 2010, Bilodeau contacted the medical department at MacDougall regarding the removal of the cast and requesting a re-fill of pain medication. The medical department informed Bilodeau that the order for pain medication had been re-filled, but did not respond to his request for removal of the cast. The medical unit did not respond to Bilodeau's second request sent on May 25, 2010.

On May 30, 2010, Nurse Jane Doe examined Bilodeau and informed him that the healing process takes time, she could not do anything for the pain that he was experiencing in his ankle and that he was scheduled to be seen in the orthopedic clinic. In answer to a grievance filed by Bilodeau on June 8, 2010, the medical department informed Bilodeau that he was scheduled to be seen in the orthopedic clinic.

On June 20, 2010, Dr. Maurer, an orthopedist, examined Bilodeau's ankle, removed the fiberglass cast, and replaced it with an air cast. The air cast was to remain on the ankle for thirty days. The orthopedist recommended that Bilodeau walk on the ankle and try to stretch it out, but did not prescribe pain medication or order Bilodeau to undergo x-rays of his ankle.

On July 20, 2010, Dr. Pillai removed the air cast and told Bilodeau to keep walking on the ankle. Bilodeau complained about pain in his ankle, but Dr. Pillai did not order pain medication and did not order that x-rays be taken of the ankle. On August 3, 2010, in response to Bilodeau's complaints of ankle pain and lack of mobility, Dr. Pillai prescribed an ankle sleeve and pain medication.

In December 2010, prison officials at MacDougall transferred Bilodeau to Osborn. After his transfer to Osborn, Bilodeau wrote to Carole Chapdelaine, Warden at Osborn, Gloria Jones, an Administrator of Inmate Health Care at UCONN, and the

3

Office of the Commissioner of the Department of Corrections regarding his continued ankle pain and limited range of movement. He also sought treatment from the medical department at Osborn. Bilodeau alleges that no one has been able to assist him with his ankle condition. Bilodeau seeks monetary damages and injunctive and declaratory relief.

## III. DISCUSSION

### A. Dr. Blanchette, Commissioner Anone, Warden Murphy, and Nurse Drouin

There is no mention of Dr. Edward Blanchette, Leo Anone, Peter Murphy, or Elisabeth Drouin in the body of the Amended Complaint. Accordingly, Bilodeau has not alleged that these defendants violated his federally or constitutionally protected rights. The claims against defendants Blanchette, Anone, Murphy, and Drouin are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Drs. Maurer and Pillai and Nurse Jane Doe

Bilodeau alleges that the actions of Drs. Maurer and Pillai, and Nurse Jane Doe constituted deliberate indifference to his serious ankle injury. Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-06. Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for

4

state tort law." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," id.; rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

There are both subjective and objective components to the deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration, or extreme pain. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. See Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). Thus, the fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 838 (1994).

The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition. For example, a medical condition significantly affecting the inmate's daily activities or causing chronic and significant pain or the existence of an injury a reasonable doctor would find important constitutes a

serious medical need.  See Chance, 143 F.3d at 702.  In addition, where the denial of treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious.  See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

Because Bilodeau has alleged that his ankle injury caused him significant pain, impaired his ability to walk, and required treatment by several physicians, he has stated sufficient facts to meet the objective component of the deliberate indifference standard. Although the injury to Bilodeau's ankle was objectively a serious one, the court concludes that Bilodeau has failed to allege facts to support plausible claims of deliberate indifference to this medical need by either Dr. Maurer or Nurse Jane Doe.

1. Nurse Jane Doe

Bilodeau alleges that in response to his request for a renewal of pain medication on May 18, 2010, the medical department informed him that the prescription for pain medication had been re-filled.  On May 25, 2010, Bilodeau submitted a request to the medical department to have his fiberglass cast removed.  On May 30, 2010, Nurse Jane Doe examined Bilodeau.  During the examination, she informed Bilodeau that the healing of his ankle would take time and that she could not do anything about his ankle pain or predict when his ankle cast would be removed by a medical doctor.  She did indicate that Bilodeau was scheduled to be examined by an orthopedist.

Bilodeau has failed to adequately identify the Jane Doe defendant as required by this court's Order dated February 10, 2011.  See Order (Doc. No. 4) at 4-5.  Assuming, without deciding, that Bilodeau intended Nurse Jane Doe to refer to Nurse Elisabeth Drouin, who is listed in the caption for the Amended Complaint, Bilodeau has still failed to state a claim.  Nurse Jane Doe's statements to Bilodeau during the examination do

not constitute deliberate indifference to his medical needs. Bilodeau has not alleged facts to suggest that as a nurse, defendant Doe was trained or licensed to remove Bilodeau's fiberglass cast or to prescribe additional pain medication. Nor did she necessarily have control over the date that Bilodeau would be scheduled to be examined by an orthopedist for removal of the cast. The claims against Nurse Jane Doe fail to state a claim of deliberate indifference to serious medical needs and are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.  Dr. Maurer

On June 20, 2010, Dr. Maurer examined Bilodeau and replaced the fiberglass ankle cast with an air cast to be worn for thirty days. Dr. Maurer recommended that Bilodeau walk on the ankle and try to stretch it out. Bilodeau does not allege that he complained of ankle pain during his visit with Dr. Maurer. Thus, the fact that Dr. Maurer did not order pain medication does not constitute deliberate indifference to his ankle injury. Nor does Bilodeau allege any facts to suggest that an x-ray of his ankle was necessary at that time. As such, Bilodeau's belief that an x-ray should have been taken is a disagreement with treatment. Such a claim does not amount to deliberate indifference to medical needs. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (inmates are not entitled to the medical treatment of their choice); Chance, 143 F.3d at 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). The claims against Dr. Maurer are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Dr. Pillai

Dr. Pillai removed the air cast approximately thirty days after its application and instructed Bilodeau to continue to walk on the ankle. Although Bilodeau complained of pain in his ankle, Dr. Pillai did not order an x-ray or prescribe pain medication. About two weeks later, Dr. Pillai examined Bilodeau, prescribed medication to treat Bilodeau's ankle pain, and provided Bilodeau with a sleeve to be worn on the painful ankle.

Bilodeau's assertion that Dr. Pillai was aware of pain he continued to experience in the ankle but failed to prescribe medication for or otherwise treat this pain, plausibly states a claim of deliberate indifference to a serious medical need. Accordingly, the claims against Dr. Pillai will proceed.

B. <u>Warden Chapdelaine and Administrator Jones</u>

Prison officials transferred Bilodeau to Osborn at some point after December 2010. Bilodeau alleges that he sought treatment from the medical department at Osborn and that he wrote to Warden Chapdelaine and Health Administrator Jones regarding the continued pain and limited range of movement in his ankle. He asserts that no one has been able to or has wanted to help him.

The fact that Bilodeau sent letters to the Warden of the facility in which he is currently incarcerated and an administrator at UCONN does not demonstrate that those individuals were deliberately indifferent to his medical needs. Warden Chapdelaine is not a medical doctor who could provide medical treatment to Bilodeau. Defendant Jones is not stationed at Osborn, but is a health administrator at UCONN. It is well-established in this Circuit that prison officials may rely on the opinions of the medical staff with regard to treatment of inmate health issues. See <u>Rodriguez v. McGinnis</u>, No.

98-CV-6031CJS, 2004 WL 1145911, at *18 (W.D.N.Y. May 18, 2004) (citing cases). Accordingly, Bilodeau has not alleged facts to support a plausible claim of deliberate indifference to his ankle injury against defendants Chapdelaine and Jones. The claims against defendants Chapdelaine and Jones are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDERS

The court enters the following orders:

(1) All claims against defendants Anone, Chapdelaine, Murphy, Jones, Drouin, Maurer, and Blanchette are **DISMISSED** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The claim of deliberate indifference to medical needs against Dr. Pillai will proceed.

(2) Within **fourteen (14) days of this Order**, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant Pillai and mail waiver of service of process request packet to this defendant in his individual capacity at his current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If defendant Pillai fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service, and defendant Pillai shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Within **fourteen (14) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the Amended Complaint (Doc. No. 6) and this Order on defendant Pillai in his official capacity by delivering the necessary documents in person

to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **The Pro Se Prisoner Litigation Office shall** send written notice to Bilodeau of the status of this action, along with a copy of this Order.

(6)     **Defendant Pillai shall** file his response to the Amended Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If defendant Pillai chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion, such as a Motion to Dismiss or Motion for Summary Judgment, within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, such a can be granted absent objection.

**SO ORDERED.**

Dated this 22nd day of August, 2011, at Bridgeport, Connecticut.

                                     /s/ Janet C. Hall  
                                    Janet C. Hall  
                                    United States District Judge